UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                              )
                                                    )
TERESA HINSON WAGNER                                )    Case No. 19-51309
                                                    )
_____                 )
                                                    )
WILLIAM P. MILLER, UNITED STATES                    )
BANKRUPTCY ADMINISTRATOR                            )
and                                                 )
                                                    )
DANIEL C. BRUTON,                                   )
CHAPTER 7 TRUSTEE                                   )
                                                    )
        vs.                                         )    Adversary No:
                                                    )    _____
DMB FINANCIAL, LLC                                  )
_____                 )

## COMPLAINT

Now Come the Plaintiffs, by and through Counsel, and by way of Complaint against the Defendant, alleges and says:

### PARTIES AND JURISDICTION

1. The Debtor, Teresa Hinson Wagner ("Debtor") filed this Chapter 7 case on December 16, 2019.

2. Plaintiff William P. Miller is the duly appointed and acting Bankruptcy Administrator for the Middle District of North Carolina, with standing to be heard on any issue, including the matter herein.

3. Plaintiff Daniel C. Bruton is duly appointed and acting Chapter 7 trustee in this bankruptcy case, which is pending in this District.

4. Upon information and belief, the Defendant DMB Financial, LLC ("DMB") is a limited liability company organized under the laws of the State of Massachusetts, with its principal office and place of business being 500 Cummings Center Drive, Third Floor, Beverly MA 01915.

5. DMB generally promises to operate as follows: the debtor pays a third party a certain sum each month, which DMB promises to remit to their creditors, after payment of fees and charges to DMB. Monies are to be paid to creditors as agreements are reached to compromise and reduce the debtors' debts.

6. The Debtor disclosed payments of $20,395.00 to DMB since February of 2017 in the Statement of Financial Affairs.

7. Upon information and belief, few if any debts were successfully compromised or reduced for the Debtor by DMB.

8. DMB misrepresented its services to the Debtor, and has failed and refused to account to the Debtor for her payments.

9. The payments made to DMB by the Debtor exceeded the reasonable value of any services rendered by DMB.

10. On May 13, 2020, the Bankruptcy Administrator wrote the Defendant seeking further information regarding this matter, without response.

## FIRST CAUSE OF ACTION
## RELIEF PURSUANT TO 11 U.S.C.§548 and §550

11. Plaintiff Trustee realleges and incorporates the foregoing allegations as if fully set forth herein.

12. The Debtor made the above transfers to Defendant DMB within two years of the petition date in this case.

13. Upon information and belief, the Debtor received less than equivalent value for some or all of the transfers.

14. Upon information and belief, on the date of each transfer to the Defendant DMB, the Debtor was insolvent or became insolvent as a result of such transfer.

15. Upon information and belief, on the date of each transfer to the Defendant DMB, the Debtor was engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonable small capital.

16. Upon information and belief, on the date of each transfer to Defendant DMB, the Debtor believed that she would incur debts beyond her ability to pay as such debts matured.

17. Based upon the foregoing, the Plaintiff Trustee is entitled to a judgment against the Defendant DMB avoiding the transfers pursuant to Section 548 of the Bankruptcy Code and recovering the transfers or their value from the Defendant under Section 550 of the Bankruptcy Code together with interest from the date of the filing of this Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF NORTH CAROLINA STATUTES

18. The Debt Adjusting Act, N.C. Gen. Stat. § 14-424, prohibits any person from offering, attempting to engage, or engaging in "debt adjusting," as that term is defined in N.C. Gen Stat. § 14-424 (2015). "Debt adjusting" is defined as follows:

> "Debt adjusting" means entering into or making a contract, express or implied, with a particular debtor whereby the debtor agrees to pay a certain amount of money periodically to the person engaged in the debt adjusting business and that person, for consideration, agrees to distribute, or distributes the same among certain specified creditors in accordance with a plan agreed upon. Debt adjusting includes the business or practice of any person who holds himself out as acting or offering or attempting to act for consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or in any way altering the terms of payment of any

– debt of a debtor, and to that end receives money or other property from the debtor, or –on behalf of the debtor, for the payment to, or distribution among, the creditors of the debtor. Debt adjusting also includes the business or practice of debt settlement or foreclosure assistance whereby any person holds himself or herself out as acting for consideration as an intermediary between a debtor and the debtor's creditors for the purpose of reducing, settling, or altering the terms of the payment of any debt of the debtors, whether or not the person distributes the debtor's funds or property among the creditors, and receives a fee or other consideration for reducing, settling, or altering the terms of the payment of the debt in advance of the debt settlement having been completed or in advance of all the services agreed to having been rendered in full.

N.C. Gen. Stat. § 14-423(2) (2015).

19. Defendant's activities constitute "debt adjusting" under N.C. Gen. Stat. § 14-423. The Debtor paid Defendant for debt relief services, including debt settlement services, with the understanding that Defendant would negotiate substantially reduced settlements of customer's debts with her creditors, and that her creditors would be paid out of the monies accumulated in her DMB debt settlement program account. Defendant collected substantial fees from the Debtor for hose services, with the vast majority of Defendant's fees being collected in advance of any settlements being paid to customer's creditors.

20. Pursuant to N.C. Gen. Stat. § 14-425, the offering of debt adjusting services or the continuation of any debt adjusting business is an unfair and deceptive practice, in or affecting commerce, which damaged the Debtor and the bankruptcy estate in violation of the North Carolina Unfair and Deceptive Trade Practices Act. N.C. Gen. Stat. § 75-1, et. seq. (the "NCUDTPA").

21. The Plaintiffs are entitled to an injunction against the violation of this Section by the Defendants, and an award of treble damages.

WHEREFORE, the Plaintiffs respectfully pray the Court that:

1. The Court permanently enjoin Defendant and its agents, shareholders, principals, officers, directors, servants, employees, associates, assigns, successors, and all persons or entities in active concert and participation with them from continuing to violate the provisions of N.C.G.S. §14-423 et, seq. by debt adjustment services;

2. The Chapter 7 trustee or the Debtor have and recover damages against the Defendant, including, but not limited to treble damages under the NCUDTPA;

3. All transfers to the Defendant be avoided as fraudulent transfers and recovered By the Chapter 7 Trustee for the benefit of creditors.

4. The Plaintiffs have such other and further relief as may seem just and proper.

This the 14th day of October, 2020.

        WILLIAM P. MILLER
        U.S. BANKRUPTCY ADMINISTRATOR

        By: s/Robert E. Price, Jr.
        Robert E. Price, Jr.
        State Bar No. 9422
        Attorney for the Plaintiffs
        101 S. Edgeworth Street
        Greensboro, NC 27401
        Telephone: (336) 358-4170


        DANIEL C. BRUTON
        CHAPTER 7 TRUSTEE

        By: s/Daniel C. Bruton
        Daniel C. Bruton
        Bell, Davis, Pill
        State Bar No. 22440
        100 N. Cherry Street, Suite 600
        Winston-Salem, NC 27101