# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement") is entered into by and between Daniel C. Bruton as Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of Teresa Hinson Wagner (collectively, "Bruton") on the one hand and DMB Financial, LLC and their current representatives, managers, members, owners, partners, and parents on the other hand, (collectively, "DMB"). Bruton and DMB are cumulatively referred to herein as the "Parties" and each individually, as a "Party".

WHEREAS, disputes and controversies now exist between the Parties; ("Dispute");

WHEREAS, Bruton filed a lawsuit titled *William P. Miller and Daniel C. Burton v. DMB Financial, LLC*, Adv No.: 20-06189; ("Lawsuit");

WHEREAS, DMB denies any wrongful, improper, or unlawful conduct; and

WHEREAS, the Parties now desire to finally and fully settle all differences between them;

NOW, THEREFORE, for and in consideration of the covenants and promises set forth below and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, and to avoid the time, expense, and inconvenience of further litigation, the Parties agree, covenant and represent as follows:

1.  <u>Payment</u>. DMB shall pay to Bruton the total amount of $4,450.00 (the "Settlement Amount"). Bruton agrees that the foregoing payment constitutes the amount of monetary consideration provided under this Agreement and that he will not seek any further compensation from DMB. Payment shall be made within five (5) business days from the Effective Date of this Agreement. If by check, the Settlement Amount will be made payable to Daniel C. Bruton, Trustee for the Bankruptcy Estate of Teresa Hinson Wagner.

2.  <u>Bankruptcy Court Approval</u>.  The terms of this Agreement shall be null and void if the Bankruptcy Court does not approve it.

3.  <u>Attorney Fees.</u>  The Parties shall each bear their own litigation costs, expenses, and/or attorney fees in any way relative to the claims asserted in the Dispute, or that could have been asserted in the Dispute.

4.  <u>Dismissal of Lawsuit</u>. Within five (5) days of receipt of the Settlement Amount as defined herein, Bruton will dismiss the Lawsuit with prejudice and provide proof thereof to DMB.

5.  <u>No Admission</u>. This Agreement does not constitute, nor shall it be construed to be, or used as evidence of, an admission of the truth or validity of any claims or contentions asserted by Bruton against DMB or any other person or entity.

6.  <u>Mutual Releases</u>. Bruton, for himself and his respective agents, representatives, assigns and heirs, hereby fully, completely and forever releases, acquits, holds harmless, and

discharges DMB and all their respective attorneys, officers, employees, directors, members, successors, predecessors, agents, representatives, affiliates, heirs and assigns, from and against any and all past and present, causes of action, damages, losses, counterclaims, demands, obligations, damages, penalties, fines, liabilities and injuries, including but not limited to all liability, costs, expenses, fees (including attorney fees), and interest, and further including post-settlement interest, of any kind or description whatsoever in law or in equity, known or unknown, latent, or hereafter discovered, and all other damages, both compensatory and punitive, whether direct or indirect, arising in tort, contract, statute, administrative rule or process, regulatory rule or process or otherwise which Bruton has, had, or may have, on behalf of Debtor Teresa Hinson Wagner in Bruton's capacity as Chapter 7 Bankruptcy Trustee, except for the obligations specifically provided for in this Agreement.

DMB hereby fully, completely, and forever releases, acquits, holds harmless, and discharges Bruton and the bankruptcy estate of Teresa Hinson Wagner from and against any claims, causes of action, damages, losses and injuries, including but not limited to all liability, costs, expenses, fees (including attorney fees), and interest, of any kind or description whatsoever in law or in equity, known or unknown, latent or hereafter discovered, and all other damages, both compensatory and punitive, whether direct or indirect, arising in tort, contract, statute, administrative rule or process, regulatory rule or process or otherwise which they have, had, or may have had, except for the obligations specifically provided for in this Agreement.

7.     Acknowledgement. The Parties warrant that this Agreement is not unconscionable, inequitable or otherwise unfair and also warrant that they have been advised of the desirability of seeking the advice of independent counsel regarding this Agreement of which they have done. The Parties assert that by executing this Agreement, they are giving their informed consent to the terms of this Agreement.

8.     Severability.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, unenforceable, or void, such declaration or determination shall not affect the remaining terms of this Agreement, which shall be fully legal, valid, and enforceable pursuant to the terms of this Agreement. It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any party hereto, that party shall have the right to seek specific performance in the United States District Court for the Middle District of North Carolina, Winston-Salem, Bankruptcy Division, which shall be the sole relief to which the aggrieved party is entitled. If either party is required to file an action to enforce any of the terms or conditions of this Agreement, the successful party in such action shall be awarded its attorney fees and expenses, as well as its costs of suit, if any, incurred in the litigation of the action filed under this section.

9.     Authority to Execute. The persons signing this Agreement specifically warrant and represent that they have full power and authority to execute this Agreement, have carefully read and understand the terms of this Agreement and are entering into it voluntarily, and further represent that they have not transferred, assigned or otherwise conveyed in any manner or form, any of the rights, obligations, or claims that are the subject matter of this Agreement. The Parties further represent and acknowledge that in executing this Agreement, they have not relied upon any representations or statements not set forth herein made by any Party or the Party's agents, representatives or attorneys with regard to the subject matter of this Agreement.

10.     Liability for Taxes.  Bruton expressly assumes all responsibility and liability for payment of any taxes which may be deemed due and owing, to any authority on the account of the Settlement Amount.  Upon receipt of the Settlement Amount, Bruton will issue an IRS form W9 and provide it to DMB.

11.     Integration Clause.  This document sets forth the entire agreement between the Parties and may not be modified or amended except by a writing signed by all Parties. There are no representations, arrangements, understandings, or agreements, oral or written, relating to the subject matter of this Agreement, except as expressed herein.

12.     No Waiver.  The failure of any Party to exercise its rights under this Agreement or to insist upon strict performance of the terms hereof shall not operate as a waiver or preclude such Party from later exercising its rights hereunder.

13.     Drafting.  This Agreement reflects the negotiations of the Parties and drafting efforts of both sides, and no construction or interpretation shall consider any party as the drafter of the Agreement.

14.     Headings.  The headings in this Agreement are inserted for convenience only and do not control or influence the meaning or interpretation of the terms hereof.

15.     Counterparts/Effective Date.  This Agreement shall become effective immediately following execution by each of the Parties. This Agreement may be executed in counterparts, in which case, upon delivery, each such counterpart shall be sufficient as against the Party or Parties executing it. A facsimile or PDF/e-mail signature of a Party to the Agreement shall have the same force and effect as an original signature. This Agreement shall be effective upon the date both Parties have executed the Agreement ("Effective Date").

IN WITNESS WHEREOF, this Agreement has been approved and executed by the Parties on the date written below.

_____ Dated: _____
DANIEL C. BRUTON as Chapter 7 Bankruptcy
Trustee for the Bankruptcy Estate of
Teresa Hinson Wagner

_____ Dated:  1/27/2021
Leigh D. Martinson, Esq.,
General Counsel
DMB Financial, LLC

Consented to by:

_____ Dated: _____
William P. Miller, Esq.
U.S. Bankruptcy Administrator